**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINSTREET, INC., | No. C 10-04532 WHA |
| Plaintiff, | |
| v. | **ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |
| ADVISORWORLD.COM, INC., | |
| Defendant. | |

## INTRODUCTION

In this breach-of-contract action, plaintiff Quinstreet, Inc., moves for an entry of default judgment against defendant AdvisorWorld.com, Inc. For the following reasons, the motion is **GRANTED IN PART**.

## STATEMENT

In January 2010, plaintiff Quinstreet, Inc., and defendant AdvisorWorld.com, Inc., entered into an agreement which provided that plaintiff would sell consumer contact information to defendant, subject to the terms and conditions of the agreement. Defendant failed to make payment. Plaintiff sent a demand letter in April 2010 but defendant failed to respond.

In October 2010, plaintiff filed its complaint asserting four claims: (1) breach of written agreement; (2) services had and received; (3) open book account, and (4) account stated. Plaintiff served defendant with the summons and complaint (Dkt. No. 6). Defendant failed to respond. The Clerk entered default against defendant, pursuant to plaintiff's request, in January 2011. Plaintiff served AdvisorWorld with notice of the Clerk's entry of default as well as the instant

motion (Dkt. No. 19-6). Plaintiff seeks the unpaid balance of $98,640 plus interest at 18 percent from the date of default, April 5, 2010. Plaintiff also seeks attorney's fees and costs.

## ANALYSIS

### A. DEFAULT JUDGMENT

FRCP 55(b)(2) permits a court, following an entry of default, to enter default judgment against a defendant. "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The scope of relief allowed through default judgment is limited by FRCP 54(c), which states that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."

In the Ninth Circuit, a court is to consider several factors in exercising its discretion to award default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). After entry of default, well-pled allegations in the complaint regarding liability are taken as true, except as to amount of damages. *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). Consequently, *Eitel* factors two, three, and five weigh in favor of the entry of default judgment. For the following reasons, each of the remaining factors also favor entry of default judgment.

*First*, if the motion were denied, plaintiff would be without a remedy. Failure to enter a default judgment would therefore result in prejudice to plaintiff.

*Second*, the sum of money at stake is relatively small. In general, the fact that a large sum of money is at stake is a factor disfavoring default judgment. *See Eitel*, 782 F.2d at 1472 (the fact that $2,900,000 was at stake, when considered in light of the parties' dispute as to material facts, supported the court's decision not to enter judgment by default). In the instant case, plaintiff has asked for a total of $98,640 in damages. This is a far cry from the $2,900,000 sum contemplated in *Eitel*. This factor weighs in favor of entering default judgment.

2

*Third*, it is unlikely that default was the result of excusable neglect. This action was filed over six months ago and defendant has been properly served. Defendant is aware of the payment obligations for which it is responsible and was put on notice of this action against it.

*Fourth*, although federal policy favors decisions on the merits, Rule 55(b) permits entry of default judgment in situations such as this where the defendant refuses to litigate. After careful consideration of all of the *Eitel* factors, this order finds that the entry of default judgment is warranted.

**B.    SCOPE OF RELIEF**

Plaintiff seeks an unpaid balance of $98,640 with interest, attorney's fees, and costs. The declarations originally submitted in support of the instant motion contained typographical errors and failed to prove up the asserted damages. At the motion hearing, the undersigned gave plaintiff the opportunity to submit corrected declarations to prove up damages and accumulated interest. Plaintiff submitted corrected declarations that clearly show that $98,640 is the total balance owed by defendant (Oren Exh. C). Plaintiff did not, however, explain why it should get 18 percent interest — even after being given a second opportunity on this point. In addition, the record is devoid of a sworn justification for plaintiff's request for attorney's fees and costs.

**CONCLUSION**

For the reasons stated, plaintiff's motion for default judgment is **GRANTED IN PART**. Judgment will be entered separately in favor of plaintiff and against defendant in the amount of $98,640.

**IT IS SO ORDERED.**

Dated: April 29, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3